**TIMOTHY A. SCOTT**
California State Bar No. 215074
LAW OFFICES OF TIMOTHY A. SCOTT, APC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone Nos. (619) 794-0451
Facsimile No. (619) 652-9964
Email: tscott@timscottlaw.com

Attorneys for Nichole Martinez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| UNITED STATES OF AMERICA, | Case No. 12-CR-00679-L-3 |
|---|---|
| Plaintiff, | Date: August 24, 2015 |
| v. | Time: 2:00 p.m. |
| Nichole Marie Martinez, | **Memorandum of Points and Authorities in Support of Motion for Early Termination of Supervised Release** |
| Defendant. | |

**I.**

**Introduction**

Ms. Nichole Marie Martinez, by and through counsel, respectfully submits her memorandum of points and authorities in support of her motion for early termination of her term of supervised release.

1

## II.

## Statement of Facts

On February 23, 2012, the government filed an information charging Ms. Martinez and others with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.[1] Ms. Martinez, struggling with her own substance-abuse issues, had agreed on two occasions to help her drug supplier provide meth to another customer. After being charged, Ms. Martinez accepted responsibility for her actions and pleaded guilty.[2] In her plea agreement, she acknowledged that she would not "seek to reduce or terminate early the term of supervised release until she has served at least 2/3 of her term."[3]

The Court ultimately sentenced Ms. Martinez to 18 months in custody, followed by three years of supervised release.[4] The Court also ordered her, as special conditions of supervision, to participate in drug testing and treatment programs, and submit her person and property to searches by the probation officer.[5] Ms. Martinez served her sentence without incident and was released from custody on May 17, 2013.

After being released, Ms. Martinez cared for her ailing father until he passed away in 2014. She attended the Thinking for Change counseling program, three times per week, and successfully completed it.[6] She enrolled in courses in the Cesar Chavez school and worked toward her GED. She found employment as a customer representative for the Salvation Army, which has allowed her to provide for her sons David and Anthony. With Ms. Martinez's support, David graduated from high school and is headed for college. Ms. Martinez has complied with all other conditions of probation and has never had a violation,

---

[1]    Docket 16.

[2]    Docket 35

[3]    Docket 37 at 9.

[4]    Docket 59.

[5]    Docket 60 at 4.

[6]    *See* Exhibit A.

or even an allegation of non-compliance, leveled against her.[7] In short, she has successfully completed more than two-thirds of her supervision successfully. This motion follows.[8]

## III.

## Discussion

**A.   The facts of the case and Ms. Martinez's performance on supervision warrant early termination of her supervised release.**

The Court may, after considering the relevant 18 U.S.C § 3553 factors, "terminate a term of supervised release and discharge the defendant . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."[9] The court may consider "a wide range of circumstances" when determining whether to grant early termination.[10] Courts in this district have noted the importance of granting "early termination of supervised release to offenders who paid their debts to society and have righted themselves."[11] Indeed, "granting this form of dispensation is consistent with the parsimony clause in 18 U.S.C. § 3553(a), which directs courts, as a general matter, to impose sentences that are 'sufficient, but not greater than necessary' to achieve the objectives of sentencing."[12]

Here, there are several reasons to terminate Ms. Martinez's supervised release. First, the nature and circumstances of the offense do not warrant further supervision. Ms.

---

[7]   *See* Exhibit A.

[8]   Counsel has attempted to contact the Probation Office about its position on this motion. While it is believed that Probation does not oppose the request, Ms. Martinez will file this motion to comply with the briefing schedule and supplement it if Probation's position becomes known before the hearing.

[9]   18 U.S.C. § 3583(e)(1).

[10]  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), *quoting United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

[11]  *United States v. Cunningham*, 2014 WL 2002207 (S.D. Cal. 2014).

[12]  *Id*.

Martinez became involved in this case as a result of her struggles with drug and alcohol abuse. To support her own personal habit, she agreed to help her drug supplier pass some methamphetamine to another customer. She was a person with a drug problem and ultimately pleaded guilty to distributing just 21 grams of methamphetamine on two isolated occasions. At sentencing, the Court recognized the mitigating facts of the case by sentencing Ms. Martinez to 18 months in custody and recommending that she be allowed to participate in the Bureau of Prisons' Residential Drug Abuse Program.

Second, during her 27 months on supervision, Ms. Martinez has dutifully complied with the conditions of her release. She enrolled in her school and soon found—and maintained—gainful employment. She attended drug treatment courses and counseling and overcome the substance abuse issues that troubled her in the past.[13] Ms. Martinez told the probation officer before sentencing that she "wishes she had sobered up prior to her involvement" in the case, and while on supervision she has taken great care to focus on her sobriety as the primary goal of her rehabilitation. She successfully completed her substance abuse counseling and has had no further issues on that front for more than two years.

Third, Ms. Martinez's positive performance on supervision shows that specific deterrence worked for her: she is not a risk to commit further crimes, and she has received the needed correctional treatment to achieve her rehabilitation. Essentially, Ms. Martinez struggled with significant substance abuse issues that ultimately led to her involvement in this case. For more than two years now (and actually more, if one includes her custodial sentence and pretrial confinement) she has been addressing the underlying causes for her prior struggles, moved beyond those mistakes, and acquired the tools to continue recovering by herself. The past two years have shown that she has become a productive and law-abiding member of society. Her performance proves that supervision is no longer necessary to achieve the goals of 18 U.S.C. § 3553.

In sum, the sentence that Ms. Martinez has served up to this point—18 months in

---

[13]     *See* Exhibit A.

custody and 27 months of supervised release—is sufficient, but not greater than necessary, to satisfy the statutory sentencing scheme. In the interest of justice, and considering the nature and length of her positive adjustment to supervision, the Court should order the early termination of her supervised release.

## IV.
## Conclusion

For all these reasons, the Court should grant Ms. Martinez's motion and order the early termination of her supervised release.

Dated: August 10, 2015

Respectfully submitted,

*s/ Timothy A. Scott*

**TIMOTHY A. SCOTT**

LAW OFFICES OF TIMOTHY A. SCOTT, APC

Attorneys for Ms. Martinez